A. R. CHICK *v.* RANDALL GRAIN SEPARATOR CO.

[Abstract Kentucy Law Reporter, Vol. 3—537.]

**Preliminary Subscription.**

> One who enters into a written agreement, agreeing to convey to a number of men a patent owned by him, and after a corporation is formed to accept a certain number of its shares in consideration of said conveyance, and such corporation is formed and he participates in its proceedings at an election held after its organization, he is legally bound to comply with his contract of subscription.

APPEAL FROM WARREN CIRCUIT COURT.

January 24, 1882.

OPINION BY JUDGE HARGIS:

Randall owned the patent on his improved wheat fan separator and grader, an invention of his own.  He entered into a written contract with appellant, Chick, and others, whereby he agreed to convey his patent to them or the corporation which they undertook thereafter to form under the provisions of Gen. Stat. (1881), Ch. 56.   Randall bound himself to take 70 shares of

paid-up stock in consideration of his patent and they promised to take the remaining 170 shares, to be assessable stock. Each of the contracting parties annexed to his signature the number, character and total value of shares which he promised to take in the company to be incorporated as aforesaid. The shares designated as nonassessable stock were to belong to Randall and the subscribers were to pay or secure the amount thereof to him.

All the parties to the written contract except appellant and another adopted articles of incorporation drawn in compliance with the terms of their agreement. The articles were signed, acknowledged and recorded in accordance with law, and the organization of the corporation completed by the election of officers. Appellant, Chick, refused to pay the calls on his stock and the company brought this suit to compel him to do so.

He interposed several defenses, but none of them will be noticed except the plea that his contract was only a proposition to subscribe. It is alleged in the petition that appellant was, at his own instance, elected secretary of the company, but refused to perform the duties of his office. This he denies by averring, in effect, that if elected he was not elected under a charter legally obtained, or by a company authorized by law. These allegations amount to a legal conclusion, and do not put in issue the fact that appellant was at his own instance elected secretary of the company whose legal existence he questions. This act of his must be treated as a participation in the proceedings of the company. The contract, embracing the complete terms and conditions of the subsequent incorporation, evidences an association to become incorporated as fully as it is possible to prove such fact. As appellant took part in the association which must precede an incorporation under Gen. Stat. (1881), Ch. 56, and participated in the proceedings of the company at an election held subsequent to its organization, he is legally bound to comply with his contract of subscription, when it is shown, as in this record, that the terms of the contract have been complied with and the incorporation legally obtained. These facts distinguished this case from authority cited.

Judgment *affirmed*. Judge Hines not sitting.

*John M. Porter, for appellant.*

*Halsell & Mitchell, for appellee.*